UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN MARSHALL,

           Plaintiff,

    v.

ANTHONY ANNUCCI, et al.,

           Defendants.

DECISION AND ORDER

15-CV-6707-DGL-MJP

**Pedersen M. J.** Plaintiff filed a motion on April 10, 2018, to appoint counsel and amend the complaint. (ECF No. 51.) For the reasons stated below, the Court grants Plaintiff's application and appoints pro bono counsel for a limited scope. Further, the Court denies without prejudice Plaintiff's application to amend the complaint.

There is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.,* 865 F .2d 22, 23 (2d Cir. 1988), courts have broad discretion in determining whether such assignments are warranted. *In re Martin-Trigona,* 73 7 F.2d 1254 (2d Cir. 1984). Such motions are not to be granted routinely, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989). In exercising its discretion, then, the Court must carefully consider the relevant factors, which include: 1. Whether the indigent's claims seem likely to be of substance; 2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 4. Whether the legal issues involved are complex; and 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

*Factors Analysis*

For the first factor to weigh in favor of appointing counsel, the indigent's claim must seem likely to be of substance. Here, based on the complaint and the answer, Plaintiff's claims appear to be of substance. (ECF Nos. 1, 19.) Plaintiff alleges in his complaint that he was repeatedly sexually assaulted by an employee while assigned to work as a cook within the prison. Plaintiff further states that the employee forced him to take pills, which were alleged to be weight loss pills, and other drugs, under threat of bodily harm and being sent to confinement. After Plaintiff was sent to confinement, he alleges that Defendants began mixing metal shavings and other detritus into his food. Plaintiff reports that his medical records from the jail show a sudden drop in his weight, dropping almost fifty pounds in ninety days. This factor weighs in favor of appointing counsel.

The second factor is whether the indigent can investigate crucial facts concerning the case. (ECF No 1.) The complaint contains detailed accounts of the incidents. However, given the age of this case, the fact that he has long since been removed from Wende, and the likelihood that key discovery will be harder to find or is lost, Plaintiff is unlikely to be able to investigate crucial facts and to properly

2

litigate his case, which heavily weighs in favor of appointing counsel at least for the discovery phase of the case.

The third factor, conflicting evidence implicating the need for cross-examination that will be the major proof presented to the factfinder, weighs toward appointing counsel. In the case at hand, it appears that the administrative and medical records support Plaintiff's damages claim; however, cross-examination will be essential to proving liability.

The fourth factor is the complexity of the legal issues. Here, the legal issues are not complex, which weigh against appointing counsel.

The final factor deals with special reasons why counsel should be appointed. As pointed out above, as an inmate, Plaintiff is unable to access much of the discovery that has been produced. Thus, he is hindered in preparing his case for trial, and is hindered regarding dispositive motion practice.

Therefore, the Court grants Plaintiff's motion for assignment of pro bono counsel (ECF No. 51.) The Court will seek an attorney to accept a pro bono assignment for the purposes of representing Plaintiff in this matter to complete discovery and respond to any pre-trial motion practice, including dispositive motions and mediation, but not for representation at trial. Accordingly, the Court will search for an attorney it can ask to represent Plaintiff for this limited scope.

With regard to Plaintiff's motion to file an amended complaint, the application and proposed amended complaint do not comply with Federal Rule of Civil Procedure 8, which requires that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." The proposed amended complaint

consists of four hundred and eighteen paragraphs over one hundred and eight pages, hardly short or plain. Therefore, Plaintiff's motion to file an amended complaint is denied. Should pro bono counsel believe that an amended complaint is appropriate, he or she may apply for leave to amend the complaint that complies with Rule 8 as well as Rule 15 of Western District of New York Local Rules of Civil Procedure. Appointed counsel shall have 30 days after appointment to decide whether to seek leave to file amended complaint.

SO ORDERED.

DATED:   May 18, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge